# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Robert Lee, on behalf of himself and

All others similarly situated,

    Plaintiff(s),

V

Go2Guy Property Management, LLC, a

Limited Liability Company; Jonathan

Deisler, an individual; and John Doe

Dave _____, an individual,

    Defendant(s).

_____/

Case:2.17-cv-10025
Judge: Leitman, Matthew F.
MJ: Stafford, Elizabeth A.
Filed: 01-04-2017 At 02:06 PM
CMP LEE V GO2GUY PROPERTY MANAGEMEN
T LLC, ET AL (BG)

Robert Lee

Plaintiff Pro Se

15058 Plainview

Detroit, MI 48223

(313) 923-4826

Arrether77@gmail.com

## *IINDIVIDUAL CLASS ACTION AND COLLECTIVE ACTION*

## *COMPLAINT AND DEMAND FOR JURY*

Defendants willfully engaged in a pattern, policy and practice of unlawful conduct for the actions alleged in this complaint. Defendants willful failure to pay Plaintiffs, and all others similarly situated within the Class, minimum wages, overtime pay and other benefits that they are entitled to under applicable Federal Laws.

Plaintiff Robert Lee brings this class action seeking damages, back pay, the pay that was owed when he was terminated, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgement interest, reasonable attorney's fees and costs, and any and all other relief that the court deems just, reasonable and equitable in the circumstances.

In addition, Plaintiff Robert Lee, individually brings a claim against Defendants pursuant to the anti-retaliation provisions of the FLSA because Defendants had Plaintiff falsely accused of the misdemeanor offense "illegal dumping" and subsequently charged in the 36th District Court with "illegal dumping" and terminated Lee's employment in retaliation for Lee's opposition to practices made unlawful by the FLSA, as alleged in this complaint.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. sec.1331 because Plaintiff's claim raises a federal question under 29 U.S.C. 1331.

2. This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. sec.216(b), which provides that suit under the FLSA "may be maintained against any employer....in any Federal or State Court of competent jurisdiction".

3. Defendants' annual sales exceed $500,000, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis.  Defendants employees engage in interstate commerce, therefore, they are also covered by the FLSA on an individual basis.

4. This Court has subject-matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. sec.1367 because they arise under the same facts.

5. Venue is proper in this District pursuant to 28 U.S.C. sec. 1391 because the actions and omissions giving rise to the claims pled in this complaint substantially occurred in this District.

### THE PARTIES

6. Plaintiff Robert Lee is a resident of Michigan who currently resides in Detroit, Michigan 48223.

7. DefendantGo2GuyPropertyManagement, is a Michigan Limited Liability Company with its principal place of business at 24001 Southfield Road, Suite 100, Southfield, MI 48075.

8. Defendant Jonathan Deisler, who resides in Dearborn, Michigan is co/owner and operator of Defendant Go2GuyPropertyManagement, LLC.

9. Defendant John Doe Dave _____, , who resides in Farmington Hills, Michigan, is co/owner and operator of Defendant Go2GuyPropertyManagement, LLC.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff and others similarly situated, have been intentionally misclassified by Defendants as independent contractors.

11. As a matter of common policy, Defendants misclassify all of their service workers as independent contractors, including but not limited to cleaning personnel, painters, electricians, plumbers, landscapers, maintenance workers and other employ

12. Plaintiff and others similarly situated, have never signed independent contractor contracts, an application for employment, or Form W-9 (Request for Taxpayer Identification Number and Certification).

13. Plaintiff and others similarly situated, have not been paid a minimum wage by Defendants.

14.     The FLSA applied to Plaintiffs and the Class at all times in which they worked for Defendants.  No exceptions to the FLSA or state wage and hours laws apply to Plaintiffs and the Class.

15.     Upon information and belief, over 25 Class members were employed at Defendant during the relevant time period without being paid a minimum wage for all hours worked and overtime pay and also being denied the rights and benefits of an employee.

16.     At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of the Plaintiffs and similarly situated members of the class.

17.     During the relevant time period, the employment terms, conditions and policies that applied to Plaintiffs were the same as those applied to other Class members who also worked as cleaning personnel, painters, landscapers, and in other job classifications for Defendants.

18.     Plaintiffs and members of the Class incurred financial loss, injury, and damage as a result of Defendants business practice of misclassifying them as independent contractors and failing to pay them a minimum wage for all hours worked or overtime.

19.     Defendants misclassification of Plaintiff and other Class members as independent contractors was specifically designed by defendants to deny Class members their

fundamental rights as employees to receive minimum wages and overtime wages.

20.    Defendants misclassification of Plaintiff and those similarly situated, was willful.

21.    Defendants know or should have known that Plaintiff and the Class members were improperly classified as independent contractors.

22.    The determining factor as to whether Plaintiffs and those similarly situated are employees or independent contractors under FLSA is not the workers election, subjective intent or any contract. *Rutherford Food Corp v McComb*, 331 US 722 (1947). Rather, the test for determining whether an individual is an "employee" under the FLSA is the economic reality test. Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for him or herself and truly independent, or rather is economically dependent upon finding employment in others.

23.    Any contract which attempts to have workers in the class waive, limit or abridge their statutory rights to be treated as an employee under FLSA or other applicable wage and hour law is void, unenforceable, unconscionable and contrary to public policy.

24.    In this case, workers in the Class cannot "elect" to be treated as employees or independent contractors under the threat of adverse treatment. Nor can workers in the class

agree to be paid less than the minimum wage. Despite this, Defendants unfairly, unlawfully, fraudulently and unconscionably coerced workers in the class to waive their statutory rights and elect to be treated as independent contractors.

25.    Under the applicable test, courts utilize several factors to determine economic dependence and employment status. They are: (1) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (iv) the degree to which the alleged employees task are integral to the employer's business.

26.    The totality of circumstances surrounding the employment relationship between Defendants and the Class members establishes economic dependence by the Class on Defendants and employee status. Here, Plaintiff and all other Class members are not in business for themselves and truly independent, but rather are economically dependent upon finding employment with Defendants. The Class members are not engaged in occupations or businesses distinct from that of Defendants. To the contrary, the class members efforts as employees are the basis for Defendants' business.

27.    Defendants obtain the customers who seek out services and Defendants provide the workers who conduct the services on behalf of Defendants. Defendants retain pervasive control over the business operation as a whole, and the Class members' duties are an integral part of the operation.

### a. Degree of Control Exercised by Defendants

28.    Plaintiff and the other Class members do not exert control over any meaningful part of Defendants' and do not stand as a separate economic entity from Defendants. Defendants exercise control over all aspects of the working relationship with Plaintiff and the other class members in the workplace.

29.    Plaintiff and the Class members' economic status is inextricably linked to conditions over which Defendants have complete control including but not limited to the manner and order in which work is to be performed, advertising for and contracting with clients for managing their real estate properties, the volume of customers, and the atmosphere at each of the locations where work is performed.

30.    Defendants employ guidelines and rules dictating the way in which Class members must conduct themselves while working including setting the hours of operation; method of sign in; work to be performed; order of work to be performed, work rules and standards.

31.     Defendants control the conduct of employee while at work, including what work should be performed at each site and all procedures to be followed while at the site.

### b. Facts Establishing No Skill and Initiative of a Person in Business for Themselves

32.     Plaintiff, like all Class members, does not  exercise the skill and initiative of a person in business for themselves.

33.     Plaintiff is not required to have any specialized skills to work and the skills utilized in performing painting, mowing lawns, and cleaning services are commensurate with those exercised by ordinary people.

34.     Plaintiff, like all other Class members, does not have the opportunity to exercise the business skills and initiative necessary to elevate his status to that of independent contractor as he has no enterprise, nor does he maintain a separate business structure or facility.

35.     Class members have no control over customers, nor do they actively participate in any efforts to increase Defendants' client base, profit, or to improve business in any capacity.

**36.**     The employees own initiative is limited to his performance of cutting lawns, cleaning, painting and doing minor repairs on homes which is itself subject to Defendants review, actions which are consistent with the status of an employee as opposed to an independent contractor.

### c. Facts Establishing Relative Investment

37.     Plaintiffs' relative investment is minor when compared to the investment made by Defendant.

38.     Plaintiff makes no financial investment in the facilities, advertising, maintenance, and other inventory, or staffing of Defendant.    All capitol investment and risk belongs to Defendant.

39.     The Class members investment is limited to expenditures on transportation to and from the worksites.    Absent Defendants' investment and provision of the work environment, the Class members would not earn anything.

### d. Facts Establishing Opportunity for Profit and Loss

40.     Defendants  manage all aspects of the business operation including but not limited to attracting clients, maintaining the work premises, establishing the hours of operation, setting  the order of work to be performed by the landscapers, cleaning staff and paint crews, providing some supplies and advertising, hiring and controlling the staff.    Defendants provide all necessary capitol to open and operate the business.

41.     Neither Plaintiff nor the class have responsibility for any aspect of Defendants' ongoing business risk.  Defendants, not Plaintiff, secure all financing, the acquisition and/or lease of the physical facility and equipment, inventory, the payment of wages.    Defendants' alone are responsible for securing all necessary and appropriate insurance and licenses.

### e. Facts Establishing Permanency

42.     Plaintiff and certain Class members have worked at Defendant for a period of time, some for 3 years or more.

### f.  Facts Establishing Plaintiffs Are Integral Part of Employers Business

43.     Plaintiffs are critical to the success of Defendants and their very operation is wholly dependent on the existence of landscaping, painting and cleaning services to be performed for clients.

44.     The primary "product" or "good" Defendants are in business to sell consists of cleaning, painting and landscaping services performed by the cleaning, painting and landscaping staff in the class.

45.     Members of the Class, like Plaintiff, are economically dependent on Defendants and subject to significant control by Defendants.

46.     Plaintiff and members of the Class were misclassified as independent contractors and should have been paid minimum wages and overtime wages at all times they worked and additionally should have been afforded all rights and benefits of an employee under federal and state wage and hour laws.

### g. Facts Establishing Defendants Acts Were Willful

47.     All actions and agreements by Defendants described herein were willful, intentional and not the result of mistake or inadvertence.

48.     Defendants' were aware that the FLSA and state and wage laws applied to their business at all relevant times and that under the economic realities test applicable to determining employment status under these laws the employees were misclassified as independent contractors.

49.     Employees working under conditions similar to those employed at Defendants' have been determined to be employees under the wage and hour laws, not independent contractors.

50.     Despite this notice of their violations, Defendants intentionally chose to continue to misclassify employees like Plaintiffs, withhold payment of minimum wages for all hours worked, failed to pay overtime in effort to enhance their profits. Such conduct and agreements were intentional, unlawful, fraudulent, deceptive, unfair and contrary to public policy.

## ALLEGATIONS REGARDING EMPLOYMENT OF
## PLAINTIFF ROBERT LEE

51.     Plaintiff Robert Lee was hired by Defendants on or about October ___, 2015.

52.     At the time of hiring Mr. Lee Defendant Deisler told Plaintiff no employee application or contract agreement was necessary.

53.     At the time of hiring, Mr. Lee met with Defendant Jonathan Diesler, an owner and operator of Go2GuyPropertyManagement.

54.     At no time during the hiring process did Mr. Deisler indicate that Mr. Lee would be working for Defendant in the capacity of an independent contractor as opposed to an employee.

55.     Defendants directed Mr. Lee to work as a cleaner, painter and landscaper at over 155 different customer locations.

56.     Defendants customers are real estate investors who own numerous rental properties.

57.     Mr. Lee's basic job duties were clean, paint and cut lawns, board up homes, and change the locks on homes.

58.     Defendants' directed the time at which Mr. Lee was to report for work at each respective customer location.

59.     Defendants directed the order in which Mr. Lee was to report for work at each respective customer location.

60.     Supervisors employed by Defendants would visit each work location to monitor and supervise the work performed by Mr. Lee and other similarly situated employees.

61.     Throughout his employment with defendants, Mr. Lee regularly worked an average of 85 to 90 hours per week, and sometimes worked more than that.

62.     Defendants' never paid Mr. Lee or any similarly situated workers for more than 80 hours in any pay period.

63.     Mr. Lee and other similarly situated workers were not required to report the hours worked at each customer location.

64.     Defendants' refused to pay  Mr. Lee and similarly situated employees for all hours actually worked at each site.

65.     For example, when Mr. Lee attempted to report 12 ½ hours of actual work after cutting the lawn and painting 8 rooms in a single day at one customer location, Defendants' only paid him for 6 hours.

66.     Defendant Deisler tried to justify this pay practice by telling Mr. Lee, "the time (for completing the work at that work site), is already set if it takes you longer, that's on you".

67.     Defendants' withheld taxes for medicare and social security from the paychecks for Mr. Lee and other similarly situated employees.

68.     Approximately 14 days after Mr. Lee was hired by Defendants Mr. Lee began asking Defendant Deisler about why he was not being paid for all hours worked and why he was not paid time and a half for hours that worked over 40 hours per week.

69.     In response, Defendant Deisler told Mr. Lee, "You are an independent contractor, don't think about that", don't worry about that and/or words to that effect.

70.     Mr. Lee believed in good faith, that Defendants pay practices violated state and federal law.

71.     Mr. Lee continued to question and oppose Defendants pay practices by voicing his opposition directly to Defendant Deisler.

72.     Defendant Deisler reacted with anger and hostility when Mr. Lee questioned and opposed Defendants' pay practices.

73.     In continuing to question Defendant Deisler about his pay practices, Defendant Deisler got highly upset and subsequently had 2 of his friends make a false report to the  Detroit Police Department and Channel  7 News Reporter Ronnie Dhal that Mr. Lee had illegally dumped trash in the Brightmore neighborhood.

74.     Defendants' friends also reported Mr. Lee to Channel 7 News Reporter Ronnie Dhal alleging Mr. Lee had illegally dumped trash in the Brightmore Neighborhood.

75.     Ronnie Dahl of Channel 7 News came to Mr. Lee's home on 3 separate occasions with her video crew attempting to interview Mr. Lee about his alleged illegal dumping.

76.     After refusing to be interviewed Ronnie Dahl did a special report on national tv regarding this alleged incident.

77.     In retaliation for being falsely accused of illegally dumping Defendants' terminated Mr. Lee and told him he would not be paid for the past 2 ½ weeks of work he was owed.

78.     On or about August ___, 2016, Mr. Lee received a misdemeanor citation for "illegally dumping" by first class mail.

79.     On or about September 13, 2016, Mr. Lee was arraigned and charged with illegal dumping.

80.     On November 30, 2016, at 8:30am, the illegal dumping charges was scheduled for trial and the charges were subsequently dismissed.

81.     On August 5, 2016, Defendants terminated Mr. Lee's employment in retaliation for his opposition to Defendants' pay practices which were in fact illegal and which Mr. Lee believed in good faith were illegal.

82.     The stated reason for Mr. Lee's termination was that Mr. Lee was accused of illegal dumping trash from one of Defendants clients rental properties to the brightmore neighborhood.

83.     The stated reason for termination was false because Mr. Lee informed Defendant's the illegal dumping charges had been dismissed by a 36th District Court Judge on November 30, 2016.

84.     As a result of this termination from employment by Defendants', Mr. Lee has suffered and will continue to suffer damages, both economic and non-economic, including lost wages.

## **INJURY AND DAMAGES**

85.     Plaintiff and all Class members suffered injury, were harmed, incurred damage, and incurred financial loss as a result of Defendants' conduct, as complained of herein.

86.     Plaintiff and the Class members were entitled to minimum wages and overtime wages.

87.     By failing to pay Plaintiff and the Class members minimum wages for all hours worked and overtime wages, Defendants injured Plaintiff and members of the Class and caused them financial loss, harm, injury and damage.

## COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiffs bring this action pursuant to 29 U.S.C. sec.216(b) of the FLSA on their own behalf and on behalf of all similarly situated , current and former workers of Defendants who were subject to Defendants misclassification scheme at any time during the last three years.

89.     Excluded from the Class are all of Defendants' executives, administrators, professional employees, and outside sales persons.

90.     A collective action under the FLSA is appropriate because, under 29 U.S.C. sec.216(b), the workers described as parties to the complaint are "similarly situated" to the named Plaintiffs.

91.     The workers Plaintiff seek to represent in this case includes:

> All employees who performed cleaning, painting,
> And landscaping services, and any other individuals
> Who worked for defendants and were misclassified
> By defendants as independent contractors at
> Anytime in the past 3 years.

92.    The putative Class members are similarly situated to the named Plaintiffs because they worked in the same or similar positions, subjected to the same unlawful practice, policy, or place, and their claims are based upon the same factual and legal theories.

93.    The working relationships between Defendants and every putative Class member are exactly the same and differ only in name, location, exact job duties, and rate of pay.  The key legal issue in the collective action ---whether Defendants' classification policy and practice violates the FLSA – does not vary substantially from Class member to Class member.

94.    Plaintiffs estimate that the putative Class, including both current and former workers over the relevant period, will include over 25 members.  The precise number of Class members should be readily discernible from a review of Defendants records.

## CLASS ACTION ALLEGATIONS

95.    Plaintiffs bring this action as a class action pursuant to Rule of Civil Procedure 23.

96.     All requirements of Federal Rules of Civil Procedure 23 are

satisfied to maintain a class action.  The class to be certified

against Defendants is defined as follows:

> All employees who performed cleaning, landscaping,
>
> Painting, electrical and plumbing services and any
>
> Other individuals who worked for Defendants and were
>
> Misclassified by Defendants as independent contr-
>
> Actors at any time in the past 3 years.

97.     The individuals in the Class are so numerous that joinder of

All members is impracticable.  While the exact number of Class

members  has  not  been  determined  at  this  time,  upon

information  and  belief,  Defendants  have  employed  in  excess

of 25 Class members during the relevant time period.  The Class

representatives  and  members  of  the  Michigan  Rule  23  Class

have been equally affected by defendants violations of law.

98.     There questions of law and fact common to the Class that

predominate over any questions affecting individual members

including, but not limited to:

> (a)    Whether Defendants violated the FLSA other
>         Applicable wage and hour laws by classifying
>         All employees who performed cleaning,
>         Landscaping & painting services or other
>         Workers as "independent contractors" as
>         Opposed to employees, and not paying them
>         Any minimum wages for all hours worked; (b)
>         Whether defendants violated the FLSA other

Applicable wage and hour laws by classifying
All employees who performed cleaning ,
Landscaping & painting services or other
Workers as "independent contractors", as
Opposed to employees, and not paying them
Overtime (c) whether defendants agreed and
Conspired to deny class members their rights under
The wage and hour laws; (d) whether Defendants
Failed to keep required employment records; and
(e) the amount of damages, restitution, and/or
other relief (including all applicable civil
Penalties, liquidated damages and equitable relief
Available which Plaintiffs and the class are entitled
To; (f) whether defendants should be enjoined from
Such violations in the future.

99.     The Class representatives  claims are typical of those of
the class.  Plaintiff Robert Lee, like other members of the class
was subjected to Defendants' policies and willful practices of
refusing to pay a minimum wage for all hours worked and
refusing to pay overtime.   The Class representative and
members of the Rule 23 Class have sustained similar injuries as a
result of the Defendants actions.

100.    The Class representative is an adequate representative of
the Class.  The Class representative is in discussions with counsel
who is experienced in complex wage and hour cases and
collective action litigation.

101.    Plaintiff is a member of the Class.  Given Plaintiffs injury
and loss, Plaintiff is committed to the prosecution of this action
for the benefit of the class.

102.    Plaintiff has no interest that would cause him to act adversely to the best interests of the class action litigation. This action is maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for defendants.

103.    The Class representative intends to send notice to all members of the Michigan Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

### COUNT I – VIOLATION OF THE FLSA
### (Failure to Pay Statutory Minimum Wages)
### (Against All Defendants)

104.    Plaintiff hereby incorporates all of the preceding paragraphs.

105.    This claim arises out of Defendants willful violation of the Fair Labor Standards Act, 29 U.S.C. sec.201, et seq., for failure to pay a minimum wage to Plaintiff for all hours worked and failure to pay overtime.

106.    At all relevant times, Defendants have been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. sec. 201.

107.    The minimum wage provisions of the FLSA, 29 U.S.C. sec. 201 et seq., apply to Defendants and protect Plaintiff ad members of the FLSA collective.

108.    The minimum wage provions of the FLSA 29 U.S.C. sec 201 et seq., apply to Defendants and protect Plaintiff and the FLSA collective.

109.    Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. sec 216(b).  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

110.    Pursuant to 29 U.S.C sec.206, Plaintiff and the FLSA collective were entitled to be compensated at the rate of $7.25 per hour.

111.    29 U.S.C. sec.207(a) provides in pertinent part:

> No employee shall employ any of his employees who
> In any work week is engaged in commerce or in the
> Production of goods for commerce, or is employed in
> An enterprise  engaged in commerce or in the
> Production of goods for commerce for a work week
> Longer than 40 hours unless such employee receives
> Compensation for his employment in excess of the
> Hours  above specified  at a rate of not less than one
> And one-half times the regular rate at which he is
> Employed.

112.    Defendants failed to pay Plaintiff and members of the FLSA collective the minimum wages set forth in 29 U.S.C. sec.206.

113.    Defendants failed to pay Class members a minimum wage throughout the relevant time period because Defendants intentionally misclassified them as independent contractors.

114.    Additionally, Defendants failed to pay Class members overtime wages throughout the relevant time period because Defendants intentionally misclassified them as independent contractors.

115.    Based on the foregoing, Plaintiff and the class members are entitled to the full statutory minimum wages set forth in 29 U.S.C. sec.206 and 207 for all periods in which Plaintiff and the class members worked at Defendants along with all applicable penalties, liquidated damages, and other relief.

116.    Defendants conduct in misclassifying class members as independent contractors was intentional and willful and done to avoid  paying minimum wages, overtime wages and the other benefits that Plaintiffs were legally entitled to receive.

117.    Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of his respective unpaid wages, liquidated damages as provided by 29 U.S.C. Sec.216(b) interest, and such other legal and equitable relief as the Court deems proper.

118.    Plaintiff on behalf of himself and the FLSA Collective seek recovery of attorney fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. sec.216(b).

119.    12 U.S.C. sec.211(c) provides in pertinent part:

> Every employer subject to any provision of this
> Chapter or any order issued under this  Chapter
> Shall make, keep, and preserve such records of
> The persons employed by him and of the wages
> Hours, and other conditions and practices of
> Employment maintained by him, and shall
> Preserve such records for such periods of time,
> And shall make such reports therefrom to the
> Administrator as he shall prescribe by regulation
> Or order as necessary or appropriate for the
> Enforcement of the provisions of this chapter or
> The regulations or orders thereunder.

120.    29 C.F.R. sec.16.2 and 29 C.F.R. sec.25.500 further require that every employee shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each work week.

121.    To the extent Defendants failed to maintain all records required by the aforementioned statutes and regulations, and fail to furnish Plaintiff and FLSA Collective comprehensive statements showing the hours worked that they worked during the relevant time period, it also violated the aforementioned laws causing Plaintiffs damage.

122.    When the employer fails to keep accurate records of the hours worked by its employees, the rule in **_Anderson v Mt.ClemensPottery Co,_** 328 US 680, 687-688, 66 S Ct 1187(1946) is controlling.  That rule states:

and costs, and all other costs, penalties and other relief allowed by law.

## Count II- VIOLATION OF THE MICHIGAN MINIMUM WAGE LAW, MCL 408.283, et seq
### Failure To Pay Statutory Minimum Wages
### Against All Defendants on Behalf of the Class

125.   Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

126.   At relevant times, in addition to the FLSA, Plaintiff and all members of the class were employees of the Defendants within the meaning of applicable state wage and hour laws mandating the payment of minimum wages including the Michigan Minimum Wage Law, MCL 408.382 et seq. ("MWL")

127.   At all relevant times, all Defendants' were the employers of Plaintiff and all members of the Class within the meaning of the applicable state wage and hour laws.

128.   Defendants were joint employers of Plaintiffs and the Class.

129.   Defendants failed to pay Plaintiffs and the Class required Minimum Wages for the time they spent working.

130.   Defendants' were required to pay all employee minimum wages under the state wage and hour laws, in addition to the FLSA.

131.    In applicable circumstances, employers like Defendants' must pay premium or overtime rates when employees work beyond specific daily or weekly limits.

132.    Defendants failed to pay Plaintiff, or any other member of the Class, any minimum hourly wages for their labor during the relevant time period.    Rather, Defendants' systematically misclassified employees in the Class as independent contractors, as opposed to employees, so as to attempt to avoid paying Class members any wages and other benefits due employees.  All unpaid wages must now be paid to the Class, along with other relief appropriate under the circumstances.

133.    Pursuant to Michigan Minimum wage Law, MCL 408.382 et seq., Defendants' were required to pay the Plaintiffs and the Class a minimum wage for all hours worked in the past 3 years.

134.    Defendants' pursuant to their policies and practices, refused to pay a minimum wage to the Class representative and the members of the Class.

135.    By failing to pay a minimum wage to the Class Representative and members of the Class, Defendants violated, and continue to violate their statutory rights under MWL.

136.    The foregoing conduct, as alleged, constitutes a willful violation of the MWL.

137.    Class Representative, on behalf of himself and the members of the Class, seek damages in the amount of their respective unpaid wages, reasonable attorneys' fees and costs of the action, interest, and such other legal and equitable relief as the Court deems proper.

138.    To the extent Defendants failed to maintain complete records regarding each Class members' employment, including hours worked and any deductions from wages, Defendants' violated applicable state wage and hour laws.

139.    By reason of the foregoing, Defendants' violated state wage and hour laws, and any result, members of the Class were injured, damaged, harmed and incurred financial loss.

140.    None of the provisions of the state wage and hour laws can be contravened, set aside , abrogated, or waived by Class members.

141.    As a result of the foregoing conduct, Plaintiff seeks on behalf of himself and all members of the Class unpaid minimum wages at the required legal rate for all of their working hours during the relevant time period; all other damages; attorneys fees and costs.

### COUNT III – VIOLATION OF THE FLSA ANTI-RETALIATION LAWS AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF ROBERT LEE ONLY

142.    Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

143.    The FLSA, 29 U.S.C. Sec.215(a)(3)(and case law interpreting its scope) prohibits an employer from retaliating and/or otherwise discriminating against an employee who has made a complaint (including internal workplace complaints) about a FLSA violation; objected to a FLSA violation; or participated in any FLSA litigation or proceeding.

144.    As a remedy for violation of this portion of the Act, 29 U.S.C. Sec.216(b) provides, in pertinent part:

> Any employer who violates the provisions of this
> Section 215(a)(3) of this title shall be liable for such
> Legal or equitable relief as may be appropriate to
> Effectuate the purposes of Section 215(a)93) of this
> Title, including without limitation employment,
> Reinstatement, promotion, and the payment of
> Wages lost and an additional equal amount as
> Liquidated damages... The court in such action shall
> In addition to any judgment awarded to the
> Plaintiff or Plaintiffs, allow a reasonable attorneys'
> Fees to be paid by the defendant, and costs of
> The action.

145.    Plaintiff made complaints and objected to FLSA violations by opposing Defendants' practices of refusing to pay employees a minimum wage for all hours worked and misclassifying employees as independent contractors.

146.    Defendants' retaliated and/or discriminated against Plaintiff with respect to the terms and conditions of his employment in violation of his FLSA rights and in violation of

FLSA's anti-retaliation provisions by terminating Plaintiffs employment for being falsely accused of "illegal dumping".

147.    On or about July ___, 2016, Defendants terminated Plaintiffs employment in retaliation for his repeated complaints that Defendants were violating the FLSA, for asserting his FLSA protected rights, and in retaliation for his protected activity in opposing Defendants' FLSA violations.

148.    There was no legitimate reason for the retaliation/discrimination and termination of plaintiffs employment terms.

149.    Defendants took the adverse action against Plaintiff solely to punish him for asserting his legal rights.

150.    Defendants termination of Plaintiff was retaliatory and constitutes a violation of the FLSA's anti-retaliation provision.

151.    As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendants including damages, restitution, penalties, liquidated damages, injunctive relief, reasonable attorneys fees and costs and all other relief just and appropriate in the circumstances.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of the Class, prays for an order for relief as follows:

A. That all Defendants be bound jointly and severally liable To Plaintiff and the Class;

B. For a declaration that Defendants violated the rights
Of Plaintiff and the Class under applicable law;

C. For nominal damages;

D. For compensatory and actual damages;

E. For restitution of all monies due Plaintiff and the Class
And disgorged profits;

F. For all statutory damages, liquidated damages,
Civil penalties, and/or other relief allowed by
Federal and state wage and hour statutes and
Regulations and/or other laws;

G. For accrued interest;

H. For an order certifying count 1, as a collective action
Under 28 U.S.C. sec 216(b) and Count 2 as a class
Action under Fed. R. Civ. P. 23;

I. For costs of suit and expenses incurred herein, including
Reasonable attorneys fees allowed under any relevant
Provision of law or equity, including the FLSA; and

j. For any and all other relief that the court may deem

just, proper and equitable in the circumstances.

## **JURY DEMAND**

Plaintiffs reserve their right to and hereby request a trial by jury.

Respectfully submitted,

Robert Lee

January 3, 2017                    15058 Plaintiff Pro Per

15058 Plainview Street

Detroit, MI 48223

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

County in which action arose: WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT LEE

**DEFENDANTS**
Go2Guy Property Management
Jonathan Deisler
John Doe Dave

**(b)** County of Residence of First Listed Plaintiff  WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  OAKLAND

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
NONE

Case: 2:17-cv-10025
Judge: Leitman, Matthew F
MJ: Stafford, Elizabeth A.
Filed: 01-04-2017 At 02:06 PM
CMP LEE V GO2GUY PROPERTY MANAGEMEN
T LLC, ET AL (BG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Injury Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201
Brief description of cause:
FLSA Failure to Pay Overtime & Minimum Wage

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ YES
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
January 4, 2017

SIGNATURE OF ATTORNEY OF RECORD
*Robert Lee*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets**. |

| | |
|---|---|
| ☑ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>___3___ + 2 = ___5___ **Complaints.**<br><small># of Defendants     Total</small><br><br>*brought 4 (copies) will bring one move later*<br><br>Received by Clerk: _____ Addresses are complete: _____ | Case:2:17-cv-10025<br>Judge: Leitman, Matthew F.<br>MJ: Stafford, Elizabeth A.<br>Filed: 01-04-2017 At 02:06 PM<br>CMP LEE V GO2GUY PROPERTY MANAGEMENT LLC, ET AL (BG) |

| | |
|---|---|
| ☐ | If any of your defendants are **government agencies:**<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>***Clerk, U.S. District Court***<br><br>Received by Clerk: _____ Receipt #:_____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br>Received by Clerk: _____ |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal<br><small>(Only available if fee is waived)</small> | Service via Waiver of Summons<br><small>(U.S. Government cannot be a defendant)</small> |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br>Received by Clerk: _____ | ☑ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☑ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

| **Clerk's Office Use Only** |
|---|
| Note any deficiencies here: |

Rev. 4/13